ELIZA PERRIN, GUARDIAN, v. EDITH ELKINS, CONTESTANT.

No. 6654.   Decided June 3, 1936.
Rehearing overruled July 15, 1936.
(94 S. W., 2d Series, 1134.)

*George Powell,* of San Antonio, for plaintiff in error.

A minor, without emancipation from minority, who performs services for third parties while being supported, educated and maintained by her mother, may not claim the proceeds of such service, the same being the property of the mother, and a suit for such services after removal of disabilities of minority must be filed within limitation, else claim is barred.   Leatherwood v. Arnold, 66 Texas, 414; Wingo v. Rudder, 103 Texas, 150, 124 S. W., 899.

*Huson & Huson,* of San Antonio, for defendants in error.

Where a widowed mother of a minor ward is also the legal guardian of such child, and the ward earns wages working for third parties, and the wages are paid over to the mother and guardian such mother as ·guardian is required to account to the ward's estate for the proceeds of the child's labor, especially where the guardian has charged the ward's estate with the full cost of such ward's board, clothing and maintenance. Trinity County Lbr. Co. v. Conner, 187 S. W., 1022; Richardson v. Oversleese, 44 S. W., 308; Massie v. DeShields, 62 S. W. (2d) 322, writ of error refused; Eastland v. Williams, 92 Texas, 113, 46 S. W., 32.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

Plaintiff in error, Eliza Perrin, is the surviving wife of George Perrin, who died intestate February 11, 1904.   In February, 1904, Mrs. Perrin qualified in the probate court of Bexar County as temporary administratrix of the estate of George Perrin, deceased, and on March 17, 1904, this administration was closed.   On March 15, 1904, she qualified in the probate court of Bexar County as guardian of the estates of the four minor children of herself and her deceased husband.   On April 14, 1904, she qualified as survivor in community of the community estate of herself and George Perrin, deceased.

George Perrin left certain property as his separate estate and also his interest in the community estate.   Mrs. Perrin appears to have acted in her two capacities as survivor in community and as guardian of the estates of her children indis-

criminately, keeping no separate accounts, and without strict regard for the nature of the property, whether belonging to the separate estate of George Perrin or to the community estate. She continued to act as guardian until the filing of final account on February 15, 1926, although the youngest of the four children apparently became of age about the year 1917. She is referred to herein as guardian.

The defendant in error here, Edith May (Perrin) Elkins, became of age March 28, 1911, and was married during that year. The guardianship proceeding as to her was not closed, and the guardian filed no separate report as to her estate. On April 27, 1905, the guardian filed her first annual account, which was approved by the probate court. On August 16, 1906, she filed her second annual account, and it was approved by the probate court. On January 28, 1908, she filed her third annual account, and it was approved by the probate court. On April 28, 1917, she filed her fourth annual account and it was approved. On February 15, 1926, she filed what was termed her final account. Before its approval defendant in error, Edith May Elkins, who will be referred to herein as contestant, filed her contest of this account. It appears that the account was approved by the probate court, but the contestant appealed to the District Court of Bexar County. The case remained untried for some years, and on May 13, 1930, the guardian undertook to restate her final account, but in this restatement she enlarged upon each and all of the prior annual accounts and claimed as credits in her favor numerous items which she had not theretofore claimed. Among the items added as credits to her account at the time it was restated in the District Court were the following: The sum of $500.00 for statutory allowance for one year's support, which she claimed she should have received from the estate of George Perrin, deceased, in 1904; the sum of $570.00 for statutory allowance in lieu of exempt property, which she claimed she should have been allowed from the estate of George Perrin, deceased, in 1904; the sum of $500.00 claimed by her as commissions for handling the estate of her wards. In her first four annual accounts the guardian claimed the sum of $1320.00 for board, maintenance and support of her wards.

Contestant opposed this restated account on many grounds not necessary to mention. In addition, she claimed as a credit in her own behalf the sum of $2000.00 as money earned by her for services to third persons and turned over to the guardian during her minority. She took the position that as

the guardian had charged her for board and maintenance she was rightfully entitled to claim credit for the money earned by her and turned over to the guardian. The case was tried in the District Court and on July 28, 1932, judgment was entered. The trial court approved the guardian's final account as restated in 1930, except in the following particulars:

(a) Her claim of $570.00 in lieu of exempt property was reduced to $500.00.

(b) Her claim for $500.00 for one year's allowance was upheld, but only one-half was made a charge against the estate of the minors.

(c) The guardian was charged with $1000.00 which she had borrowed, and which was afterwards repaid from the estate of the wards.

(d) The credits claimed by the guardian for board, support and maintenance were allowed, but the sum of $959.50 turned over to the guardian from earnings by contestant were allowed as a credit in favor of contestant against the amount found in favor of the guardian as a charge against contestant.

(e) Certain errors were adjusted, and the total amount found due in favor of the guardian against the estates of the minors was adjudged to be $1799.04. This was apportioned against each of the minors so that the balance in favor of the guardian against contestant was found to be $446.76.

The case was appealed and in an opinion, which has not been published, the Court of Civil Appeals at Amarillo affirmed the judgment of the trial court. The two principal propositions urged by the guardian on appeal were as follows:

(a) That as she had used the $1000.00 borrowed by her to pay indebtedness due by the estates of her wards, she should not be charged with same, although she had claimed a credit of that amount. The Court of Civil Appeals found that there was a failure of proof on the part of the guardian as touching this item, and that the trial court had rightfully charged her with the $1000.00. As this holding of the Court of Civil Appeals rests upon a finding of fact, and as we have examined the record sufficiently to ascertain that the finding is supported by evidence, we approve the same.

(b) That there was error in allowing contestant credit for the sum of $959.50 as moneys paid to the guardian from earnings of contestant while a minor. This presents the only question of any importance in the case, and it was upon this point that the Supreme Court granted the writ of error.

It will be noted that the trial court found that contestant

was indebted to the guardian in the sum of $446.76, and allowed contestant a credit of $959.50, thus leaving the guardian indebted to contestant in the sum of $512.74. In the presentation of the case here the court has been given the assurance that contestant is not seeking to obtain any enforceable judgment against the guardian, but that her whole purpose has been to prevent, by proper objections to the restated account and by way of offsets urged in cross assignments (if necessary), a judgment against herself. In the Court of Civil Appeals and in this Court contestant has urged numerous cross assignments questioning the correctness of the restated account in favor of the guardian. Her brief upon these cross assignments has not been answered by the guardian. As we construe the preliminary statement by counsel for contestant, these cross assignments are to be considered only to the extent that they may be necessary to prevent a judgment in favor of the guardian against contestant.

In view of the situation thus presented, we do not find it necessary to determine whether or not the court erred in allowing contestant the credit of $959.50. As shown above, this credit may be disregarded altogether and the indebtedness in favor of the guardian against contestant will only be the sum of $446.76. If it is found that the guardian has been allowed credits against contestant in excess of $446.76, which were not allowable, then the judgment may be affirmed without a consideration of the credit allowed contestant.

■ We think it obvious that the credit of $500.00 in favor of the guardian for one year's allowance out of the estate of George Perrin, deceased, could not be allowed in this guardianship proceeding twenty-five years after the administration on the estate of George Perrin had been closed. See Article 3476 of Revised Statutes of 1925. Likewise, the allowance of the $500.00 in lieu of exempt property was manifestly unauthorized. These allowances were permissible only out of the estate of George Perrin while the administration was pending. In addition, it must be presumed that as the guardian had also qualified as survivor in community, thus making further administration of the estate of George Perrin by the court inappropriate, she adjusted these matters in the administration of the community estate as statutory survivor. Thus it is seen that the trial court allowed in this way a cerdit of $750.00 in favor of the guardian which was not properly allowable.

■ By cross assignment it is shown that the guardian collected

the sum of $1000.00 as insurance upon a house destroyed by fire in which the minors had a one-half interest. It is stated that the undisputed proof showed that the premiums for this insurance had been charged against the estate of the minors. We are of the opinion that the guardian should have been charged with one-half of this insurance money.

The guardian was allowed the sum of $500.00 as commissions, which was not claimed by her until the account was restated in the district court in 1930. From the statement given under cross assignments by contestant, which is not questioned, we are of the opinion that the court erred in allowing the guardian this item.

It is further claimed by contestant that the guardian expended the sum of $785.00 in excess of the clear income of the minors' estates, without orders of the probate court, as provided by Article 4171 of the Revised Statutes of 1925, and without making an equitable showing that such orders were not necessary. The cross assignment presenting this proposition is not questioned by the guardian, and we think that under the circumstances of this case this contention is well taken.

It is further urged by contestant that there were many items of credit allowed the guardian in the way of taxes, interest, penalties, insurance, repairs, water rents, etc., which the guardian as life tenant should have paid herself, and which in the aggregate amount to a considerable sum. Without undertaking to estimate what sum was improperly credited to the guardian in this way, we think that the proposition is to some extent at least well taken.

Contestant further urged that as to her the guardian has been allowed credits to a considerable sum which would not have been properly allowable if a separate accounting had been rendered as to her estate within a reasonable time after she became of age in 1911. We think there is some merit in this contention. We enumerate these last two contentions to emphasize the statement that upon a consideration of the whole case it is apparent that the guardian is not in position to complain of a holding that she has received credits in excess of the sum of $2000.00 which should not have been allowed. The amount of such credits apportionable to contestant exceeds the sum of $446.76, which was the sum awarded the guardian as an indebtedness against contestant.

Without undertaking to reform the judgment in the particulars mentioned, in light of the assurance by contestant that

she has no purpose of seeking to enforce payment of the sum of $446.76 for which judgment was rendered in her favor, we hold that the credit of $959.50 allowed contestant may be disregarded, and the judgment of the Court of Civil Appeals may still be affirmed.

The judgments of the trial court and of the Court of Civil Appeals are accordingly affirmed.

Opinion adopted by the Supreme Court June 3, 1936.

Rehearing overruled July 15, 1936.